UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBERT BURKS,                                              Civil No. 08-1342 (DSD/JJG)

      Plaintiff,

v.                                                                        **REPORT AND RECOMMENDATION**

METROPOLITAN COUNCIL,

      Defendant.


This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit." (Docket No. 2.) Plaintiff is seeking permission to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied and the action dismissed when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 .S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To an actionable claim for relief, a plaintiff must allege a set of specific

historical facts, which if true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

The body of Plaintiff's current amended complaint,[1] repeated verbatim and in its entirety, is as follows:

> "I was standing waiting for the bus on 11/13/2006. Alone with my PCA Attendant with me. We were waiting the bus number 64. By that time I had my white tip cane alone with me. The bus was pulling off where my tip cane standing. He opens the door. He never said or let's us know what's letter or bus number he was. When I walk forward to the bus then he immediately shut the door. The door his to my neck also my right eyes broke my Eyes class. That was injury my right eyes. When I saw that happened while I was hang on the door then he start to laugh at me. Then I ask him what's so funny? And why did you do that? Then He said sorry to me."

The amended complaint does not provide any further information about the factual or legal basis for Plaintiff's claims, or the relief he is seeking.

Even with the liberal construction that is required in pro se cases (Atkinson, 91 .3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's amended complaint clearly fails to state any claim on which relief may be granted. The obvious deficiencies in the complaint include at least the following:

---

[1] The current operative pleading in this case is Plaintiff's amended complaint, (Docket No. 3), which was filed on May 16, 2008. See Fed. R. Civ. P. 15(a) (permitting complainants to amend their pleadings "once as a matter of course" before any defendant appears).

(1) The complaint does not suggest any legal basis for Plaintiff's claims.

(2) There is nothing in the complaint that would suggest that the Court has subject matter jurisdiction in this action.

(3) The complaint does not describe any act or omission by the named Defendant that could give rise to any legal liability under any legal theory.  (In fact, Defendant is never even mentioned in the body of the amended complaint.)

(4) The complaint does not adequately describe the nature of the relief that Plaintiff is seeking, or why such relief would be appropriate.

Because Plaintiff has not set forth sufficient allegations to state any claim on which relief could be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2.  The action be summarily DISMISSED pursuant to 28 U.S.C. § 915(e)(2)(B)(ii).

Dated: May 30, 2008         s/ *Jeanne J. Graham*
                            JEANNE J. GRAHAM
                            United States Magistrate Judge

## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 13, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.